UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKAVIA MANAGEMENT CORP., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRANDON BIGELOW, et al.,<br><br>Defendants. | No. 1:20-cv-00448-NONE-SKO<br><br>**ORDER DIRECTING THE CLERK TO TERMINATE DEFENDANT LTC INVESTMENTS, LLC**<br><br>(Doc. 20) |

On April 20, 2020, Plaintiffs filed a "Notice of Voluntary Dismissal of Only Defendant LTC Investments, LLC" dismissing only the claims against Defendant LTC Investments, LLC. (Doc. 20.) The notice states that Plaintiffs "hereby voluntarily dismiss with prejudice only Defendant LTC Investments, LLC from this action." (*Id.* at 2.)

In relevant part, Rule 41(a)(1)(A) provides:

> [A] plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the

action as to the defendants who are the subjects of the notice." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

Plaintiffs filed this notice before Defendant LTC Investments, LLC served an answer or a motion for summary judgment. Thus, pursuant to Rule 41(a)(1)(A)(i), Plaintiffs have voluntarily dismissed Defendant LTC Investments, LLC. Plaintiffs' notice further clearly states that the dismissal is "with prejudice." (*See* Doc. 20 at 2.) Accordingly, the Clerk of Court is directed to TERMINATE Defendant LTC Investments, LLC.

This case shall remain OPEN pending resolution of Plaintiffs' case against the remaining defendants.

IT IS SO ORDERED.

Dated:   **April 23, 2020**                    /s/ *Sheila K. Oberto*
                                              UNITED STATES MAGISTRATE JUDGE