# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKAVIA MANAGEMENT CORP., et al., | |
| Plaintiffs, | Case No. 1:20-cv-00448-NONE-SKO |
| v. | ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' APPLICATION TO SERVE DEFENDANT LTC MANAGEMENT HOLDINGS, LLC THROUGH THE CALIFORNIA SECRETARY OF STATE |
| BRANDON BIGELOW, et al., | |
| Defendants. | |
| | (Doc. 39) |

## I. INTRODUCTION

Plaintiffs filed this breach of contract action against various entities and individuals on March 26, 2020. (Doc. 1.) Since then, Plaintiffs have filed proofs of service or notices of voluntary dismissal as to most of the defendants. (*See* Docs. 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 23, 24.) Plaintiffs have been unable to serve one Defendant, LTC Management Holdings, LLC ("LTC"), and on April 20, 2020, Plaintiffs filed an "Application for Court Order Authorizing Service of the Summons and Complaint on Defendant LTC Management Holdings, LLC, By Hand Delivery to the California Secretary of State." (Doc. 22.) For the reasons stated below, the application is denied without prejudice.

## II. LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure provides that proper service on a corporation can be made by "following state law for serving a summons in an action brought in courts of general

jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). California law allows a court to direct service on a corporation by hand-delivery to the Secretary of State, under certain circumstances. *See* Cal. Corp. Code § 1702.

Cal. Corp. Code § 1702 states, in relevant part:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code § 1702(a). Thus, Plaintiffs must demonstrate by affidavit that they were unable with reasonable diligence to effect service under Section 416.10 of the California Code of Civil Procedure, which governs service on corporations that have not been dissolved or forfeited their right to do business. *See* Cal. Civ. Code § 416.10. Under Section 416.10, a corporation can be served through a registered agent for process; enumerated officers of the corporation or a person authorized to receive service; a cashier or assistant of a banking corporation; or, where the party cannot with reasonable diligence serve any of these individuals, the Secretary of State. *See id.* The relevant individual may be served by personal delivery, by delivery to someone else at the person's residence or place or business with subsequent mailing, or by mail with acknowledgement of receipt. *See* Cal. Civ. Code §§ 415.10, 415.20, 415.30(a).

To demonstrate "reasonable diligence," the plaintiff must show that it "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333 (1978); *see also Kott v. Superior Court*, 45

Cal.App.4th 1126, 1137 (1996) ("reasonable diligence" requirement "denotes a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney."). "An affidavit failing to demonstrate that a diligent search for officers as well as agents was performed is inadequate." *Viewtech, Inc. v. Skytech USA, Inc.*, Civil No. 07cv541-L(NLS), 2007 WL 1429903, at *1 (S.D. Cal. May 14, 2007) (citation omitted).

### III.   DISCUSSION

Plaintiffs' application and the attached declaration of Bryan L. Saalfeld allege that the Secretary of State's website states that LTC's registered agent for service of process resigned on February 1, 2019, LTC failed to designate a new agent, LTC is suspended by the Franchise Tax Board, and "after reasonable diligence" and "several attempts to effectuate service," Plaintiffs have been unable to serve LTC at the business address listed on the Secretary of State's website. (Doc. 22 at 2; *see* Doc. 22-1.) Plaintiffs thus contend that they should be allowed to serve LTC through the Secretary of State because of (1) the resignation of the registered agent for LTC and (2) the unsuccessful attempt(s) to serve LTC at the address listed on the Secretary of State's website. (Doc. 22 at 3.) Plaintiffs attached a copy of LTC's page on the Secretary of State's website, emails between Plaintiffs' counsel and Plaintiffs' process server, and an "Affidavit of Due Diligence" from the process server. (*See* Docs. 22-2, 22-3, 22-4.) The emails and the "Affidavit of Due Diligence" list only one attempt to serve LTC, which was unsuccessful and occurred on April 3, 2020, at 4:58 P.M. (*See* Doc. 22-3 at 2; Doc. 22-4 at 2.) Plaintiffs' submissions do not allege any attempts at ascertaining a different address for LTC or the identity or address of any of LTC's officers.

Plaintiffs do not allege that LTC is dissolved or forfeited their charter or right to business; they allege only that LTC is "suspended."[1] (*See* Doc. 22 at 2.) Thus, they must show both that the

---

[1] If Plaintiffs believe that LTC has dissolved or forfeited its right to do business, they must allege and demonstrate that with supporting facts and legal authority. *See, e.g., Board of Directors of the Motion Picture Industry Pension Plan v. Sonzero Films, Inc.*, Case No. CV 19-5859-MWF (JEM), 2020 WL 1972288, at *4 (C.D. Cal. Mar. 16, 2020) ("Plaintiffs do not make clear whether Defendant has 'forfeited its right to do business' or is 'dissolved' as required to invoke

registered has resigned and, by affidavit or declaration, that process cannot be served by personal service under Cal. Civ. Code § 415.10, by substituted service under Cal. Civ. Code § 415.20, or by mail service under Cal. Civ. Code § 415.30, on LTC's president, other head of the corporation, vice president, secretary, assistant secretary, treasurer, assistant treasurer, controller, chief financial officer, general manager, or other person authorized by the corporation to receive service of process under Cal. Civ. Code § 416.10(b).  Cal. Corp. Code § 1702; *Freshko Produce Services, Inc. v. ILA Products Inc.*, Case No. 1:19-cv-00017-DAD-BAM, 2020 WL 2039049, at *3 (E.D. Cal. Apr. 28, 2020); *City of Rialto v. United States Department of Defense*, Case No. EDCV 04-00079-VAP (SSx), 2004 WL 7333702, at *5 (C.D. Cal. Oct. 22, 2004); *see also Gibble v. Car-Lene Research, Inc.*, 67 Cal.App.4th 295, 302 (1998) (stating corporation that has been "suspended" but has not dissolved or forfeited its right to do business should be served under Cal. Civ. Code § 416.10).

Plaintiffs have made a sufficient showing that LTC's registered agent has resigned, but have not shown that they are unable to effect service on LTC under Cal. Civ. Code § 416.10 despite reasonable diligence, and have cited no legal authority to support that their efforts to date are sufficiently diligent to warrant service on the Secretary of State.[2]  Plaintiffs' application and the supporting documents appear to show only a single attempt at serving LTC at its registered business address.  (*See* Doc. 22-3 at 2; Doc. 22-4 at 2.)  Plaintiffs have not demonstrated any effort to discover whether LTC has a different business address or other address for service and have not shown that they attempted to search for officers and other agents of the corporation to serve.  *See Freshko Produce*, 2020 WL 2039049, at *4 ("Plaintiff's application also does not describe what efforts, if any, Plaintiff has made to identify the officers of ILA"); *Viewtech*, 2007 WL 1429903, at *1; *Bd. of*

---

section 416.20, just that Defendant is 'suspended.'").  If Plaintiffs can prove that LTC has dissolved or forfeited its right to do business, as opposed to simply being "suspended," Plaintiffs must show that LTC cannot be served under Cal. Civ. Code § 416.20 despite reasonable diligence, which Plaintiffs have not done in the application before the Court.

[2] Plaintiffs cite only the language of Cal. Corp. Code § 1702(a), but do not cite any case law to support their assertion that their efforts to date constitute "reasonable diligence" within the meaning of Cal. Corp. Code § 1702(a).

*Trustees of Laborers Health & Welfare Tr. Fund for N. California v. Bowdry & Bowdry Janitorial LLC*, Case No. 18-cv-01702-MEJ, 2018 WL 3093377, at *2 (N.D. Cal. June 22, 2018) (denying application to serve Secretary of State because the declaration Plaintiffs submitted "does not show Plaintiffs have diligently attempted to search for . . . officers.").

Plaintiffs must conduct a diligent search to identify and serve, if possible, officers of LTC. *See, e.g., Gibble*, 67 Cal.App.4th at 312 (unless the plaintiff can show unsuccessful service despite attempted compliance with section 416.10, it is not appropriate "to seek the assistance of the court and the Secretary of State in obtaining jurisdiction."). Plaintiffs also must demonstrate reasonable diligence in attempting to serve LTC generally, and have cited no legal authority stating that a single attempt at service constitutes reasonable diligence. *See Kott v. Superior Court*, 45 Cal.App.4th at 1137 (requiring a "thorough, systematic investigation and inquiry" to uncover information required for service). Plaintiffs' application will be denied without prejudice to re-filing to address the deficiencies identified in this order. In any renewed motion, Plaintiffs must either demonstrate further efforts attempting to serve LTC as set forth above, or include legal authority that their efforts to date have been sufficiently diligent to warrant service on the Secretary of State.

### IV.   CONCLUSION AND ORDER

Based on the foregoing, IT IS ORDERED that Plaintiffs' "Application for Court Order Authorizing Service of the Summons and Complaint on Defendant LTC Management Holdings, LLC, By Hand Delivery to the California Secretary of State," (Doc. 22), is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   **May 4, 2020**                           /s/ *Sheila K. Oberto*
                                                  UNITED STATES MAGISTRATE JUDGE

5