UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAKAVIA MANAGEMENT CORP., et al., <br><br> Plaintiffs, <br><br> v. <br><br> BRANDON BIGELOW, et al., <br><br> Defendants. | No. 1:20-cv-00448-NONE-SKO <br><br> <u>ORDER TO SHOW CAUSE CONCERNING SUBJECT-MATTER JURISDICTION</u> <br><br> (Doc. Nos. 38, 40, 41) |

On June 19, 2020, plaintiffs Dakavia Management Corp., Monte Vista Estate, LLC and Lamar Estate, LLC ("plaintiffs") filed a first amended complaint ("FAC") against seven individual defendants, nine entity defendants, and Does 1–50 ("defendants"). (Doc. No. 38.) Richard A. Green and Razmik Zakarian ("cross-claimants") filed an answer to the FAC and crossclaim on July 10, 2020. (Doc. Nos. 40 (answer) & 40-1 (cross-claim).) Certain other defendants filed a motion to dismiss the FAC on July 10, 2020 and a motion for imposition of sanctions on August 5, 2020. (Doc. Nos. 41 & 57.) Both the FAC and the cross-claim allege that this court has jurisdiction over this action under the diversity statute, 28 U.S.C. § 1332. (Doc. Nos. 38 ¶ 2; 40-1 ¶ 1.)

/////

1

Under 28 U.S.C. § 1332(a), federal district courts have jurisdiction over certain actions between citizens of different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For diversity purposes, the citizenship of an individual is "determined by her state of domicile, not her state of residence." *Kanter v. Warner-Lamber Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Corporations are citizens of their states of incorporation and their principal places of business. 28 U.S.C. § 1332(c); *Harris v. Rand*, 682 F.3d 846, 850 (9th Cir. 2012). A limited liability company ("LLC") is the citizen of every state where its owners or members are citizens, regardless of its state of formation or principal place of business; the citizenship of all of its members must be alleged. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611–12 (9th Cir. 2016). The burden of establishing subject-matter jurisdiction "rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *accord Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction." (citing *id.*)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). It may do so *sua sponte*. *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1342 (9th Cir. 1981).

Here, the FAC alleges that that two of the plaintiffs are LLCs that are formed, and have a principal place of business, in Colorado. (Doc. No. 38 ¶¶ 5–6.) The FAC does not allege the ownership of the LLC plaintiffs. The FAC alleges the *residency*, but not the *domiciles*, of the individual defendants. (*Id.* ¶¶ 7–12.) In addition, the FAC does not appear to allege the complete list of owners of the LLC defendants, and some of the owners are individual defendants, whose states of domicile are not alleged. (*Id.* ¶¶ 14–21.) The sixteen causes of action in the FAC appear to arise under California contract and tort law. The court also notes that plaintiffs allege that defendants violated unnamed federal laws. (*See, e.g., id.* ¶¶ 30, 53, 169.) However, and despite the reference to violation of federal laws, it does not appear that the FAC asserts federal claims.

The cross-complaint brings state-law causes of action against "Cross-Defendants." (Doc. No. 40-1.) Although that term is not defined, it appears that the cross-claim's defendants are

2

Brandon Bigelow (who is a named defendant in the FAC) and Does 1–50.  (*Id.*)  The cross-claim alleges cross-claimants and Bigelow are all residents of California; their states of domicile are not alleged.  (*Id.* ¶¶ 2–4.)  It further alleges that this court has diversity jurisdiction under 28 U.S.C. § 1332; it does not invoke the court's supplemental jurisdiction.  (*Id.* ¶ 1).

Accordingly,

1. Within fourteen days of the issuance of this order, plaintiffs and cross-claimants shall show cause in writing why their actions should not be dismissed for lack of subject-matter jurisdiction.
2. Alternatively, within fourteen days, plaintiffs and cross-claimants may either file amended pleadings that contain allegations addressing the court's jurisdiction and the issues identified in this order or may voluntarily dismiss their actions.[1]
3. Plaintiffs and cross-claimants are warned that if they fail to comply with this order, the court may dismiss their claims due to lack of jurisdiction.

IT IS SO ORDERED.

Dated:  **August 18, 2021**

UNITED STATES DISTRICT JUDGE

---

[1] If plaintiff files an amended complaint addressing the issue raised in this order, the court will turn its attention to the pending motions (Doc. Nos. 41, 57) without further delay.  This will maintain the present priority of those motions vis-à-vis other pending motions, which generally are being addressed in the order in which they were submitted.  The undersigned apologizes for the excessive delay in this case.  This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion.  That situation, which has continued unabated for over eighteen months now, has left the undersigned presiding over 1300 civil cases and criminal matters involving 735 defendants at last count.  Unfortunately, that situation sometimes results in the court not being able to issue orders in submitted civil matters within an acceptable period of time.  This situation is frustrating to the court, which fully realizes how incredibly frustrating it is to the parties and their counsel.