Bryan L. Saalfeld - 243331
    BSaalfeld@mpbf.com
Hollyanne A. Gentile - 331279
    HGentile@mpbf.com
Merri. N. Engler – 240990
    NEngler@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
580 California Street, Suite 1100
San Francisco, CA  94104-1001
Telephone:     (415) 788-1900
Facsimile:      (415) 393-8087

Attorneys for Plaintiffs
DAKAVIA MANAGEMENT CORP., MONTE VISTA ESTATES, LLC & LAMAR ESTATES, LLC

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# EASTERN DISTRICT OF CALIFORNIA

# FRESNO DIVISION

| | |
|---|---|
| DAKAVIA MANAGEMENT CORP., an Oregon Corporation; MONTE VISTA ESTATES, LLC, a Colorado Limited Liability Company; and LAMAR ESTATES, LLC, a Colorado Limited Liability Company, | Case No.: 1:20-cv-00448-JLT-SKO<br><br>**SECOND AMENDED STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY**<br><br>(Doc. 123) |
| Plaintiffs, | |
| v. | |
| BRANDON BIGELOW, an individual, CURTIS BIGELOW, an individual RICHARD A. GREEN, an individual, RAZMIK ZAKARIAN, an individual, INVIGORATE HEALTHCARE, INC., a California Corporation, INVIGORATE HEALTHCARE, LLC, a California Limited Liability Company, INVIGORATE HEALTHCARE MANAGEMENT, LLC, a California Limited Liability Company, MONTE VISTA CARE HOLDINGS, LLC, a California Limited Liability Company, LAMAR HOLDINGS, LLC, a California Limited Liability Company, LTC MANAGEMENT HOLDINGS, LLC, a California Limited Liability Company, SNF PAYROLL, LLC, a California Limited Liability Company, SNF MANAGEMENT, LLC, a Delaware Limited Liability Company, and CHAIM RASKIN, an individual, | |
| Defendants. | |

RICHARD A. GREEN, an individual, and
RAZMIK ZAKARIAN, an individual,

        Cross- Claimants,

    v.

BRANDON BIGELOW, an individual, and DOES 1 through 50, inclusive,

        Cross-Defendants.

IT IS HEREBY STIPULATED pursuant to Federal Rule of Civil Procedure 26(c)(1)(D)) by and between Plaintiffs DAKAVIA MANAGEMENT CORP., an Oregon Corporation; MONTE VISTA ESTATES, LLC, a Colorado Limited Liability Company; and LAMAR ESTATES, LLC, a Colorado Limited Liability Company (collectively "Plaintiffs") and Defendants INVIGORATE HEALTHCARE, INC., a California Corporation, INVIGORATE HEALTHCARE, LLC, a California Limited Liability Company, INVIGORATE HEALTHCARE MANAGEMENT, LLC, a California Limited Liability Company, MONTE VISTA CARE HOLDINGS, LLC, a California Limited Liability Company, LAMAR HOLDINGS, LLC, a California Limited Liability Company, LTC MANAGEMENT HOLDINGS, LLC, a California Limited Liability Company, SNF PAYROLL, LLC, a California Limited Liability Company, SNF MANAGEMENT, LLC, a Delaware Limited Liability Company, and CHAIM RASKIN, an individual (collectively "Defendants"), and non-party SNF FINANCING, LLC ("Non-Party") by and through their respective counsel of record, that in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and privacy rights, the Parties stipulate as follows:

## I.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulation and Order. The parties acknowledge that this Stipulation and Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are

1 entitled, under the applicable legal principles, to treatment as confidential. The parties further
2 acknowledge, as set forth below, that this Stipulation and Order creates no entitlement to file confidential
3 information under seal; Eastern District Local Rule 141 sets forth the procedures that must be followed
4 and reflects the standards that will be applied when a party seeks permission from the court to file
5 material under seal.

6 Nothing in this Stipulation and Order shall be construed so as to require or mandate that any
7 Party disclose or produce privileged information or records that could be designated as Confidential
8 Documents/Protected Material hereunder.

## II.   DEFINITIONS

10 In this Stipulation and Protective Order, the words set forth below shall have the following
11 meanings:

12 a. "Proceeding" means the above-entitled proceeding (Case No.: 1:20-cv-00448-NONE-S).
13 b. "Court" means the Hon. Sheila Oberto, or any other judge to which this Proceeding may
14 be assigned, including Court staff participating in such proceedings.
15 c. "Confidential" means any information which is in the possession of a Designating Party
16 who believes in good faith that such information is entitled to confidential treatment under applicable
17 law. This material includes confidential, proprietary and private financial and personal information
18 relating to the parties such as business accounts, trade secrets, balance sheets, accounting, loan
19 information and related correspondence, and personal identifiable information.
20 d. "Confidential Materials" means any Documents, Testimony or Information as defined
21 below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.
22 e. "Designating Party" means the Party that designates Materials as "Confidential."
23 f. "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make
24 available Materials, or any part thereof, or any information contained therein.
25 g. "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are
26 defined by Federal Rules of Evidence §1001 and California Evidence Code Sections 250, 255, and 260,
27 which have been produced in discovery in this Proceeding by any person, and (ii) any copies,
28 reproductions, or summaries of all or any part of the foregoing.

  h. "Information" means the content of Documents or Testimony.

  i. "Party" means the Plaintiffs, Defendants and Non-Parties named herein.

  j. "Producing Party" means the Party that produces or Discloses any Confidential Materials, Documents, Testimony, or Information.

  k. "Receiving Party" means the Party that receives any Confidential Materials, Documents, Testimony, or Information.

  l. "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

### III. GOOD CAUSE STATEMENT

The Defendants contend that there is good cause and a particularized need for a protective order necessary to protect and limit the disclosure of private and proprietary information to only those authorized within this particular action. The information to be produced by the Parties contain private financial information relating to accounts, loans, proprietary processes, and personal identifiable information that requires a protective order to ensure confidentiality of the foregoing information.

### IV. CONFIDENTIAL DOCUMENTS

  a. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

  b. The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

  c. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

    1. For Documents (apart from transcripts of depositions or other pretrial or trial

proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

        2.      For Testimony given in depositions the Designating Party may either:

            i.      identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

            ii.      designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party. c.For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

     d.      The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" designation, shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document,

Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production. This provision is not intended to apply to any inadvertent production of any Information protected by attorney-client or work product privileges. In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents, Testimony or Information, such law shall govern.

e. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place. The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

**V.    ACCESS TO AND/OR DISCLOSURE OF CONFIDENTIAL MATERIALS**

Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. the Court;

b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals,

1 clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings
2 and are not employees of any Party. (2) In-house counsel to the undersigned Parties and the paralegal,
3 clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given
4 access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to,
5 and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed
6 other than pursuant to its terms;

7      c.    those officers, directors, partners, members, employees and agents of all non-designating
8 Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of
9 this Proceeding; provided, however, that prior to the Disclosure of Confidential Materials to any such
10 officer, director, partner, member, employee or agent, counsel for the Party making the Disclosure shall
11 deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is
12 bound to follow the terms of such Order, and shall secure the signature of such person on a statement in
13 the form attached hereto as Exhibit A;

14      d.    court reporters in this Proceeding (whether at depositions, hearings, or any other
15 proceeding);

16      e.    any deposition, trial or hearing witness in the Proceeding who previously has had access
17 to the Confidential Materials, or who is currently or was previously an officer, director, partner, member,
18 employee or agent of an entity that has had access to the Confidential Materials;

19      f.    any deposition or non-trial hearing witness in the Proceeding who previously did not have
20 access to the Confidential Materials; provided, however, that each such witness given access to
21 Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are
22 subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other
23 than pursuant to its terms;

24      g.    mock jury participants, provided, however, that prior to the Disclosure of Confidential
25 Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a
26 copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to
27 follow the terms of such Order, and shall secure the signature of such person on a statement in the form
28 attached hereto as Exhibit A.

    h.    outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach; and

    i.    any other person that the Designating Party agrees to in writing.

## VI.    USE OF CONFIDENTIAL MATERIALS

    a.    Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or prosecuting and/or defending the Proceeding, and not for any business or other purpose whatsoever.

    b.    Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

## VII.    DURATION

    a.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## VIII.    EFFECT OF STIPULATION AND PROTECTIVE ORDER

Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

    a.    operate as an admission by any person that any particular Document, Testimony or

Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

    b.    prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

### IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

    a.    Any Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order, and any such designation by a non-Party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto. Any such designation shall also function as a consent by such producing Party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or Party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

### X. JOINING THE STIPULATION AND PROTECTIVE ORDER

    a.    Any Party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

### XI. NOTICE

    a.    If any person subject to this Stipulation and Protective Order who has custody of any

Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

b.    Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

## XII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

a.    If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

## XIII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in the Federal Rule of Civil Procedure 26(b)(5)(B).

## XIV.   PROTECTED MATERIALS IN COURT

a.    Nothing contained in this Stipulated Protective Order shall be construed to prejudice any Party's right to use at trial or in any hearing before the court any information or materials designated in

this action as "CONFIDENTIAL", provided that reasonable notice of the intended use of such material or information shall be given to all counsel of record in order to enable the parties to arrange for appropriate safeguards, and provided the rules applicable to sealing records, as further addressed below, are followed. Likewise, nothing in this Stipulated Protective Order shall be dispositive of any issues of relevance, privilege, discoverability or admissibility.

     b.     The following provisions govern the treatment of information designated in this action as "CONFIDENTIAL" used at trial or submitted as a basis for adjudication of matters other than discovery motions or proceedings. These provisions are subject to Federal Rules of Civil Procedure 5.2(d) or (e) and must be construed in light of those Rules.

     c.     If materials or information designated as "CONFIDENTIAL" pursuant to this Stipulated Protective Order are required to be kept confidential by law or are submitted in connection with discovery motions or proceedings, no court order is required.  However, a Party that files with the Court, or seeks to use at trial or other proceedings, materials or information designated as "CONFIDENTIAL" or pursuant to this Stipulated Protective Order, and who seeks to have the record containing such information sealed, shall submit to the Court a motion or an application to seal, pursuant to Federal Rule of Civil Procedure 26 (c)(1)(F) to the extent applicable.

     d.     A Party that files with the Court, or seeks to use at trial, materials or information designated in this action as "CONFIDENTIAL" by the opposing Party or any Non-Party, and who does not seek to have the record containing such information, sealed, shall comply with either of the following requirements:

     (i)     At least ten (10) business days prior to the filing or use of the materials or information designated in this action as "CONFIDENTIAL", the submitting Party shall give notice to all other Party, and to any Non-Party that designated the materials information as "CONFIDENTIAL" pursuant to this Stipulated Protective Order, of the submitting Party's intention to file or use the materials or information designated in this action as "CONFIDENTIAL", including specific identification of the information designated as "CONFIDENTIAL". Any affected Party or Non-Party may then: (i) file a motion to seal, pursuant to Federal Rule of Civil Procedure 26 (c)(1)(F); or (ii) remove the confidentiality designation.

        (ii)      At the time of submitting the materials or information designated as "CONFIDENTIAL", the submitting Party shall submit the materials or information pursuant to the lodging-under-seal provision of Federal Rule of Civil Procedure 26 (c) (1). Any affected Party or Non-Party may then file a motion to seal, pursuant to the Federal Rule of Civil Procedure 26 (c)(1)(H), within ten (10) business days after such lodging. Documents lodged pursuant to Federal Rule of Civil Procedure 26 (c)(1)(H) shall bear a legend stating that such materials shall be unsealed upon expiration of ten (10) business days, absent the filing of a motion to seal pursuant to Rule 26 (c) (1)(F) or Court Order. Unless the Party or Non-Party objects to the confidentiality designation of the submitted material pursuant to the terms of this Stipulated Protective Order, it shall cooperate in good faith sealing the information designated in this action as "CONFIDENTIAL".

        (iii)     In connection with a request to have information or materials sealed pursuant to Section 13 (c) or Section 13 (d) above, the requesting Party's declaration, pursuant to Federal Rules of Civil Procedure 5.2(d) or (e)?  shall contain sufficient particularity with respect to the information designated as "CONFIDENTIAL" and, the basis for sealing to enable the Court to make the findings required by Federal Rules of Civil Procedure 5.2(d) or (e) or 26?

        (iv)     The parties understand that failure to comply with the procedural requirements of FRCP 5.2 or failure to present evidence sufficient to support the findings set forth in FRCP 26 may result in the placement of confidential materials in the public file. The parties further understand that no sealing order will be issued solely on the basis of the existence and applicability of this Stipulated Protective Order.

## **XV.   RIGHTS AND RULES**

a.     This Stipulation and Protective Order is entered into without prejudice to the right of any Party to knowingly waive the applicability of this Stipulation and Protective Order to any Confidential Materials designated by that Party. If the Designating Party uses Confidential Materials in a non-Confidential manner, then the Designating Party shall advise that the designation no longer applies.

b.     Where any Confidential Materials, or Information derived from Confidential Materials, is included in any motion or other proceeding governed by Federal Rules of Civil Procedure, Rule 26, the party shall follow those rules. With respect to discovery motions or other proceedings not governed

- 12 -
SECOND AMENDED STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY

by Federal Rules of Civil Procedure, Rule 26, the following shall apply: If Confidential Materials or Information derived from Confidential Materials are submitted to or otherwise disclosed to the Court in connection with discovery motions and proceedings, the same shall be separately filed with the clerk of the Court in an envelope marked: "CONFIDENTIAL".

  c. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order.

  d. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

  e. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

  f. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court [and one copy of each deposition together with the exhibits marked at the deposition)]*, (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein. *[The bracketed portion of this provision shall be subject to agreement between counsel for the Parties in each case.]

## XVI. EFFECTIVE DATE

a. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

b. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

## XVII. MISCELLANEOUS

a. Right to Further Relief. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the court in the future.

b. Right to Assert Other Objections. By stipulating to the entry of this Stipulated Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

c. Intentionally Deleted.

d. Counterparts. This Stipulated Protective Order may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via electronic mail (provided that any electronic signature complies with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law), and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

SECOND AMENDED STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY

e. Successors; Assigns. Except as may be otherwise provided herein, this Stipulated Protective Order shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns, heirs and personal representatives.

### XVIII. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 5 (DURATION) above, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: 10/24/22     By: */s/ Bryan A. Saalfeld*
                         Bryan A. Saalfeld
                         Hollyanne A. Gentile
                         Merri N. Engler
                         Attorneys for Plaintiffs

Dated: 10/24/22     By: */s/ Mikle Jew*
                         Nicholas M. Gross
                         Mikle Jew
                         Attorney for Defendants SNF Management, LLC; SNF Payroll, LLC; LTC Management Holdings, LLC; and Chaim Raskin

- 15 -
SECOND AMENDED STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATION ONLY

**ORDER**

IT IS SO ORDERED.

Dated: **October 25, 2022**          /s/ *Sheila K. Oberto*          
                                     UNITED STATES MAGISTRATE JUDGE

# EXHIBIT

## A CERTIFICATION RE CONFIDENTIAL DISCOVERY MATERIALS

I hereby acknowledge that I, _____ [NAME], _____ [POSITION AND EMPLOYER], am about to receive Confidential Materials supplied in connection with the Proceeding, (INSERT CASE NO.). I certify that I understand that the Confidential Materials are provided to me subject to the terms and restrictions of the Stipulation and Protective Order filed in this Proceeding. I have been given a copy of the Stipulation and Protective Order; I have read it, and I agree to be bound by its terms. I understand that Confidential Materials, as defined in the Stipulation and Protective Order, including any notes or other records that may be made regarding any such materials, shall not be Disclosed to anyone except as expressly permitted by the Stipulation and Protective Order. I will not copy or use, except solely for the purposes of this Proceeding, any Confidential Materials obtained pursuant to this Protective Order, except as provided therein or otherwise ordered by the Court in the Proceeding. I further understand that I am to retain all copies of all Confidential Materials provided to me in the Proceeding in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of my participation in this Proceeding, whereupon the copies of such Materials will be returned to counsel who provided me with such Materials. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Executed this _____ day of _____, 20__, at _____, _____.

By: _____
    Signature

    _____
    Title

    _____
    Address

    _____
    City, State, Zip

    _____
    Telephone Number

BLS.4485179.docx

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28